Sonya HOWARD and Morgan Cole *v.*
CITY OF FORT SMITH

92-362                                   845 S.W.2d 497

Supreme Court of Arkansas
Opinion delivered January 19, 1993

506

*Oscar Stilley*, for appellants.

*Daily, West, Core, Coffman & Canfield*, by: *Jerry L. Canfield*, for appellee.

DONALD L. CORBIN, Justice. Appellants and representative plaintiffs below, Sonya Howard and Morgan Cole, appeal an order of the Sebastian Chancery Court dismissing with prejudice their complaint against appellee, the City of Fort Smith. We find no error and affirm.

Appellants' complaint asserted a class action claim challenging the city's collection of the occupation tax authorized by Ark. Code Ann. § 26-77-102 (1987). Appellants moved for summary judgment stating the only issues to be determined were whether the proration provisions of the city's occupation license and tax ordinance violated the Equal Protection and Due Process Clauses of the Arkansas and United States Constitutions. Appellee responded to appellants' motion by agreeing there was no genuine issue of material fact and asking for summary judgment in its favor. Appellee's response included an affidavit of the city's tax collection supervisor.

The parties waived both a hearing on the motions and the

right to present any further evidence and requested the chancellor to decide the matter on the record before him. The chancellor wrote a well-reasoned order finding that the proration provisions of the ordinance did not violate appellants' rights of equal protection and due process. The chancellor denied appellants' motion for summary judgment and dismissed their complaint with prejudice. On appeal, appellants assert as error the chancellor's findings that neither their equal protection nor their due process rights were violated by the ordinance.

Fort Smith Ordinance No. 3230, as amended by Fort Smith Ordinance No 8-90, establishes the city's occupation license and the procedure for the collection of the accompanying tax. The tax is $150.00 per year for professionals and $75.00 per year for other persons engaged in any trade, business, or vocation. The tax year is from April 1 to March 31. However, as a benefit to the taxpayer, the city allows the tax to be paid in two installments due April 1 and October 1.

The "proration provision" of Ordinance 3230 challenged in this appeal provides that:

> Fractional parts of the *last* half of the tax year shall be charged on a pro rata basis from the date of issuance of the license and date of payment of tax to the last day of March, provided that no license shall be issued or tax paid for less than one-fourth of the annual license fee or tax amount. [Emphasis added.]

Fort Smith, Ark. Ordinance No. 3230, § 5 (January 7, 1975). The ordinance does not provide for proration of the tax for licenses issued in the first half of the tax year.

Appellants argue the ordinance is constitutionally defective because it only allows for proration of the tax in the latter half of the tax year. Appellants contend that the proration provision results in the disparate treatment of similarly situated taxpayers. Specifically, appellants' claim that persons purchasing a license on any date between April 1 and September 31 are denied equal protection of the laws and due process because they must pay the full amount of the tax for the respective period while those persons purchasing a license on any date between October 1 and March 31 must only pay an amount of tax prorated to the

respective time remaining in the latter half of the tax year, subject to the one-fourth limitation as quoted above.

Appellee responds with the argument that the difference in treatment for proration purposes is rationally related to the objective of administrative efficiency. Bill Hon, appellee's collection supervisor, stated in his affidavit that, based on his experience, it would be inefficient to collect the tax on a non-uniform tax year with each taxpayer having a different individual tax year. Hon also stated in his affidavit that the options provided in Section 5 of Ordinance 3230 for the issuance and payment of the annual license and tax in six-month periods and for the proration of the tax during the second half of the annual tax year are equally and uniformly applied to all taxpayers.

## EQUAL PROTECTION

With respect to the equal protection claim, appellants contend Ordinance 3230 treats similarly situated taxpayers differently and therefore does not provide all taxpayers with equal protection of the laws. We disagree with the contention that the taxpayers receiving dissimilar treatment are similarly situated.

Regardless of any asserted disparate treatment, the rational basis test is the analysis applicable to an equal protection challenge of tax legislation. *Streight* v. *Ragland*, 280 Ark. 206, 655 S.W.2d 459 (1983). "Under the rationality standard of review, we must presume the legislation is constitutional, i.e., that it is rationally related to achieving a legitimate governmental objective." *Id.* at 213, 655 S.W.2d at 463. The United States Supreme Court has stated that the power to discriminate in taxation is inherent in the power to tax, *Leathers* v. *Medlock*, ___ U.S. ___, 111 S. Ct. 1438 (1991), and that courts should defer to local legislative determinations as to the desirability of imposing discriminatory measures. *City of New Orleans* v. *Dukes*, 427 U.S. 297 (1976). Governing bodies have always been given wide discretion in selecting the subjects of taxation, particularly in the area of occupational taxes. *New York Rapid Transit Corp.* v. *City of New York*, 303 U.S. 573 (1938). Thus, in order for an appellate court to strike down a classification made by taxation legislation, the classification must be purely arbitrary and the discrimination must be invidious. *Dukes*, 427 U.S. 297.

■ Applying the foregoing rules of law, we have very recently stated that "[i]f a taxation statute discriminates in favor of one class it is not determined to be arbitrary so long as the discrimination is based upon a reasonable distinction, and if there is any hypothesized set of facts to uphold a rational basis." *Medlock* v. *Leathers*, 311 Ark. 175, 179, 842 S.W.2d 428, (1992). In the present case, the taxation legislation classifies taxpayers only according to the date on which they purchase their licenses. All taxpayers purchasing licenses on the same date are treated similarly. To achieve the objective of efficiency, the establishment of a uniform tax year is certainly rational. In addition, it is rational for the city to conclude that those persons purchasing licenses for the first time in the first half of the tax year will receive a reasonable value for their tax dollar through their receipt of a license valid for more than half the year and therefore should not be allowed proration. Those persons purchasing licenses for the first time in the latter half of the tax year will be receiving a license valid for less than half of the tax year; thus, it is rational for the city to conclude that these purchasers would not receive a reasonable value for their tax dollar unless the tax was prorated.

In short, we disagree with appellants' contention that those taxpayers purchasing licenses in the first half of the tax year are similarly situated to those taxpayers purchasing licenses in the second half of the tax year. The latter group is not receiving a license valid for more than half a year; thus, the city could rationally conclude that they are entitled to proration of the tax. Any difference in the treatment of the taxpayers is based on a rational distinction, is not arbitrary, and does not result in invidious discrimination.

■■ As the party attacking the taxation legislation, it is appellant's burden to negate very conceivable basis which might support it. *Madden* v. *Kentucky*, 309 U.S. 83 (1940). The chancellor determined that appellants had not met their burden of negating the efficiency theory advanced by appellee. We agree with the chancellor. Appellants have not met their burden of showing the lack of a rational basis for the ordinance.

510

## DUE PROCESS

With respect to taxation legislation, the due process analysis is the same as the equal protection analysis. *See Johnson v. Sunray Services, Inc.*, 306 Ark. 497, 816 S.W.2d 582 (1991). The chancellor likewise concluded that appellants had not met their burden of proving any due process violation. We agree with the chancellor.

The judgment is affirmed.

BROWN, J., concurs with the result.